THOMAS A. ENGLISH *vs.* BOARD OF SELECTMEN OF WATERTOWN.

Middlesex.    October 11, 1979. — November 27, 1979.

Present: HALE, C.J., GREANEY, & DREBEN, JJ.

*Firefighter,* Incapacity, Municipality's liability.

Where a firefighter was injured in the line of duty and incapacitated as a result of back pain resulting from the injuries, his entitlement to the benefits of G. L. c. 41, § 111F, was not terminated by a physician's subsequent diagnosis that the firefighter's disability had ceased to be an orthopedic one and may have become a psychiatric condition. [738-739]

CIVIL ACTION commenced in the Superior Court on June 13, 1977.

The case was heard by *Doerfer,* J., on a master's report.

The case was submitted on briefs.

———

*Gary S. Brackett,* Town Counsel, for the defendant.
*Thomas C. Menton* for the plaintiff.

DREBEN, J.    In this action for a declaration of rights
under G. L. c. 41, § 111F,[1] the trial judge declared,
among other things, that the plaintiff, a firefighter, is en-
titled to leave with pay from the date of the accident un-
til such time as a physician or a psychiatrist designated
by the defendant board of selectmen of Watertown
(board) determines that the plaintiff's incapacity no
longer exists. We affirm.

The facts which, basically, are not in dispute are taken
from the judge's findings[2] as supplemented by our exami-
nation of the exhibits and the affidavit in the record on ap-
peal and admissions contained in the defendant's answer.
See *Zuckerman* v. *Blakeley,* 3 Mass. App. Ct. 685, 687
(1975), and cases cited. The plaintiff, a fireman in the town
of Watertown, was injured in the line of duty on Novem-
ber 17, 1974, when a town ambulance collided with another
vehicle. He was absent from work intermittently from the
date of the accident until January, 1977, when he claimed
he could no longer work because of his injuries. On Septem-
ber 29, 1976, the plaintiff was admitted to New England
Baptist Hospital complaining of back pain with sciatic ra-
diation to the knee. The discharge summary of the hospi-
tal listed as the diagnosis "facet irritation lumbar spine,"
and an affidavit dated October 28, 1976, of one Dr. Shea to

----

[1] Only the first paragraph of G. L. c. 41, § 111F, is involved in this
litigation and such paragraph as appearing in St. 1964, c. 149, reads in
relevant part as follows: "Whenever a . . . fire fighter of a . . . town . . . is
incapacitated for duty because of injury sustained in the performance of
his duty without fault of his own . . . he shall be granted leave without
loss of pay for the period of such incapacity; provided that no such leave
shall be granted for any period after such . . . fire fighter has been retired
or pensioned in accordance with law or for any period after a physician
designated by the board or officer authorized to appoint . . . fire fighters
in such . . . town . . . determines that such incapacity no longer exists. . . ."

[2] The judge's findings were based upon subsidiary facts reported by
a master and upon additional evidence presented. The master's re-
port does not appear to have been adopted.

the board "for the purpose of establishing sickness disability" of the plaintiff "and entitlement to sick leave pay" also included that diagnosis. The affidavit indicated that the length of the disability was indefinite.

In April, 1977, the plaintiff was examined by a Dr. John McGillicuddy, an orthopedic surgeon designated by the board. After examining the plaintiff and reviewing the medical records he reported to the board on May 12, 1977, and concluded his report as follows:

> "My Diagnosis: Deferred
>
> Opinion: The N. E. Baptist Hospital record was reviewed and revealed that the patient was treated and had a myelogram performed. This showed a defect at L4 on the left. The patient does not have any weakness. He has no atrophy and I find no evidence of a herniated disc or nerve root pressure. The diminished sensation doesn't fit an anatomical distribution of nerves. I believe that this patient should be evaluated by a psychiatrist. I don't believe that his disability is on an Orthopedic basis."

The board contends that Dr. McGillicuddy's report terminated the plaintiff's rights under § 111F. It argues that the plaintiff established that he was suffering from an orthopedic condition and that on May 12, 1977, a physician designated by the board determined that such condition no longer existed. The board urges that the trial judge was in error in ruling that the board had to address a second medical condition, a psychiatric condition, which had never been established. We reject the board's contention.

The statutory language is broader than the board suggests. Chapter 41, § 111F,[3] provides that a firefighter "incapacitated for duty because of injury sustained in the performance of his duty . . . shall be granted leave

---

[3] See note 1.

without loss of pay for the period of such incapacity" unless a designated physician "determines that such incapacity no longer exists." Dr. McGillicuddy's opinion or finding was only that the plaintiff's disability was no longer an orthopedic one; he made no finding that the plaintiff is not disabled or, in the words of the statute, that "such incapacity no longer exists." He did not clearly refute Dr. Shea's finding that the plaintiff was unable to return to work, a finding which need not be made by a physician designated by the board, but can be made by any qualified doctor. *Jones* v. *Wayland,* 374 Mass. 249, 258 n.7 (1978).

The back pain, not the diagnosis, is what incapacitates the plaintiff. Even if his back pain was physical in origin, and may now only have a psychiatric basis, he remains incapacitated and entitled to the benefits of G. L. c. 41, § 111F, until the happening of one of the contingencies there provided. Just as "the statutory benefits should extend to service-related incapacities which appear subsequent to the date of the original injury", *Jones* v. *Wayland, supra* at 258, the benefits should likewise extend to the same service-related incapacity which, although physical in etiology, subsequently continues because of psychological components.

The statute does not exclude physical incapacity due to mental disorders. Injury includes "mental and nervous disorders arising out of employment where such injuries are the result of physical trauma," and also includes "physical and organic disorders resulting from mental trauma . . . where there is a causal relationship between the mental trauma, the physical or organic injury and . . . the employment. . . ." *Fitzgibbons's Case,* 374 Mass. 633, 637 (1978). See also *Albanese's Case,* 378 Mass. 14, 14-15 (1979). The trial judge was therefore correct in declaring that until a designated physician determines that the plaintiff is no longer incapacitated because of a service connected injury, the plaintiff is entitled to benefits.

*Judgment affirmed.*